ELECTRONICALLY FILED
Yell County Circuit Court in Dardanelle District
Anna M. Ward, Circuit Clerk
2023-Dec-28  13:34:48
75NCV-23-128
C15D02 : 25 Pages

## IN THE CIRCUIT COURT FOR YELL COUNTY, ARKANSAS
## CIVIL DIVISION

| | | |
|---|---|---|
| **JANE DOE and SALLY DOE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | 75NCV-23-128 |
| **v.** | ) | |
| | ) | |
| **DARDANELLE SCHOOL DISTRICT,** | ) | **12 PERSON JURY DEMAND** |
| **ARTHUR J. GALLAGHER & CO., -** | ) | |
| **LITTLE ROCK, ROLANDO VALLS,** | ) | |
| **individually and in his Official Capacity** | ) | |
| **as coach and teacher, DIANE** | ) | |
| **THOMAS, individually and in her** | ) | |
| **Official Capacity as principal, ESTATE** | ) | |
| **OF BJ CHANDLER, individually and in** | ) | |
| **his Official Capacity, MARK** | | |
| **GOTCHER, in his Official Capacity,** | | |
| **and JOHN DOES 1-10,** | | |
| | | |
| **Defendants.** | | |

---

### AMENDED COMPLAINT

---

Plaintiffs Jane Doe and Sally Doe[1] for their Complaint against Defendants Dardanelle

School District, Arthur J. Gallagher & Co., - Little Rock, Rolando "Nicky" Valls, Diane Thomas,

individually and in her Official Capacity as principal, Estate of BJ Chandler, individually and in

his Official Capacity as superintendent, Mark Gotcher, in his Official Capacity as superintendent,

and John Does 1-10, state as follows:

---

[1] Plaintiffs' names have been withheld due to the sensitive nature of this action's subject matter
and pursuant to the Judge's Order granting Plaintiffs' Motion to Proceed Pseudonymously, entered
on December 22, 2023.

## I.    PARTIES, JURISDICTION, AND VENUE

1.    This action arises from the sexual harassment and deprivation of bodily integrity suffered by young female students, including Plaintiffs, at the hands of Defendants with the exception of separate defendant Mark Gotcher, who is only named in his official capacity pursuant to Ark. R. Civ. P. 25.

2.    At all times relevant herein, Plaintiff Jane Doe was a resident of Yell County, Arkansas.

3.    At all times relevant herein, Plaintiff Sally Doe was a resident of Yell County, Arkansas.

4.    Defendant Dardanelle School District is an Arkansas Public School District located in Yell County in Arkansas. It can be served with process through its superintendent, Dr. Mark Gotcher. Upon information and belief, Dardanelle School District, at all relevant times, was a recipient of federal education funds.

5.    Upon information and belief, Defendant Arthur J. Gallagher & Co., - Little Rock was the liability insurer for Defendant Dardanelle School District during the events described herein.  It is an Arkansas entity whose principal address is 101 South Spring Street, Ste 220 Little Rock, AR 72201. Its registered agent for service of process is the Prentice-Hall Corporation system at 101 South Spring Street, Ste. 220, Little Rock, AR 72201.

6.    Upon information and belief, separate Defendant Rolando "Nicky" Valls (hereinafter, "Valls") is a resident of Little Rock, Pulaski County, Arkansas. At all times relevant herein, Rolando "Nicky" Valls was employed by Defendant Dardanelle School District as a coach and teacher.

7.     Upon information and belief, separate Defendant Diane Thomas is a resident of Paris, Logan County, Arkansas. At all times relevant herein, Defendant Diane Thomas was acting as Principal of Dardanelle Middle School, on behalf of Dardanelle School District.

8.     At all relevant times herein, BJ Chandler was acting as superintendent for Dardanelle School District and had a supervisory role over Dardanelle School District's athletic departments. Upon information and belief, BJ Chandler is deceased, and as such, Plaintiffs would request a special administrator be appointed and substituted pursuant to Ark. R. Civ. P. 25(a)(3) for purposes of this litigation.

9.     Alternatively, upon information and belief, Mark Gotcher is the current superintendent of separate defendant Dardanelle School District. To the extent BJ Chandler is being sued in his official capacity as the previous superintendent during which the allegations took place, Plaintiffs assert, pursuant to Ark. R. Civ. P. 25(d), that Mark Gotcher in his official capacity should be named as a defendant.

10.    Defendants John Does 1-10 represent unknown individuals or corporations who may have liability toward Plaintiffs, by legal or factual theory, with regard to the improper conduct of the other Defendants, their failure to notify of the improper conduct, their attempt to hide the improper conduct, their responsibility to indemnify and/or provide coverage for the other Defendants' conduct, and that may otherwise have taken part in the improper conduct yet are unknown to Plaintiffs at this time. Plaintiffs will amend their Complaint, if necessary, to specifically name the proper individual Defendants as they are identified. In accordance with Ark. Code Ann. § 16-56-125, an Affidavit is attached as **Exhibit 1** hereto.

11.    The events and occurrences underlying Plaintiffs claims took place in Dardanelle, Yell County, Arkansas.

3

12.    As such, this Court has jurisdiction over the parties and subject matter hereof, and venue is proper.

## II.    THE FACTS

13.    In or around 1983, Dardanelle School District hired Rolando "Nicky" Valls as a coach, physical education, and science teacher at Dardanelle Middle School. As teacher and coach, Valls was acting as an agent for Dardanelle School District at all times relevant.

14.    At all times relevant, Plaintiffs were students at Dardanelle Middle School. The events described herein occurred during approximately 1984-1986.

15.    During Plaintiffs' time at Dardanelle Middle School, Valls engaged in grooming behavior toward Plaintiffs, culminating in a pattern of sexual harassment, molestations, sexual assaults, and violations of bodily integrity.

16.    In the 1985 to 1986 school year, both Ms. Jane Doe and Ms. Sally Doe were in Valls' 7th grade science class, P.E. class in the fall semester, and his off-season football class for the spring semester.

17.    Plaintiffs were both thirteen years old at the time and turned fourteen years old by the spring semester.

18.    In science class, Ms. Jane Doe and Ms. Sally Doe felt uncomfortable around Valls from the beginning due to his inappropriate grooming behavior.

19.    Valls would have his thirteen and fourteen-year-old female students, including Ms. Jane Doe and Ms. Sally Doe, sit toward the front of the classroom with boys in the back. Valls would use this close proximity to inappropriately touch his female students. For example, he would massage their shoulders in class, rub the back of their hair, neck, and smalls of their back. Valls did the foregoing to Plaintiffs.

4

20.    Valls regularly made comments about Plaintiffs and their female classmates' appearances, often commenting on their legs and suggesting how they should wear their hair.

21.    Valls unnecessarily and inappropriately leaned his body over Ms. Jane Doe, Ms. Sally Doe, and other female students while they were sitting at their desks. Valls would press his body, including his mid-range area and genitalia, against both Ms. Jane Doe and Ms. Sally Doe while helping them on a test or assignment. Valls would also "bump" into female students from behind and press his body against their buttocks in a sexual manner.

22.    Upon information and belief, on one occasion in or around the fall semester of 1985, a Dardanelle Middle School janitor or other employee caught Valls alone in a closet with a minor female student, engaging in sexual misconduct. The female minor was below the age of consent. This janitor or employee reported the sexual assault to Diane Thomas and/or BJ Chandler.

23.    Dardanelle Middle School and its agents and employees, including Diane Thomas and BJ Chandler, all personally observed and had actual notice of Valls' grooming behavior, inappropriate touching, and the sexual assault in the closet. Both BJ Chandler and Diane Thomas were "appropriate persons" to receive actual notice of sexual harassment to trigger a school's Title IX obligations.

24.    Despite knowing that Valls engaged in the foregoing inappropriate grooming behavior, BJ Chandler and Diane Thomas allowed Valls to have additional private access to approximately four young female students in his off-season football class in the spring semester of 1986. Valls specifically chose and signed up three or four girls to be in his off-season football class. This select group of female students included Ms. Jane Doe and Ms. Sally Doe.

25.    Valls had unfettered access to these four girls, including Plaintiffs, before football practice. While the male students would be separate in the locker room changing, Valls would be in the fieldhouse alone with these four female students unsupervised. No other adults were around.

26.    During this time, Valls engaged in more advanced grooming behavior and would touch Plaintiffs and the other two girls in sexual and inappropriate ways on numerous occasions.

27.    Valls always required Plaintiffs and the other girls to wear shorts even if it was freezing outside and would make crude comments about their legs. Valls would rub Plaintiffs' bare upper and inner thighs in an inappropriate and sexual manner. Valls would also rub Plaintiffs' legs and necks while sitting next to them on the bus on the way to the facility.

28.    During football practice, Valls had the four select girls, including Plaintiffs, play the center position, while Valls played quarterback. While the girls bent over for the football hand off, Valls would take the football and intentionally rub it on Plaintiffs' inner thighs and genitalia in an inappropriate and sexual manner. Upon information and belief, other Dardanelle Coaches, including Coach Rankin and Coach Knight, were present and observed Valls' behavior.

29.    On at least one occasion with a different female student (A.C.),[2] Valls picked her up and put her on a table so that she could hang up jerseys. While A.C. was standing on the table, Valls repeatedly touched A.C.'s buttocks with a hanger.

30.    On another occasion, A.C. was sitting on a table with coats piled on top of her. She was wearing button-up jeans. Valls put his hand on A.C.'s crotch and was trying to get his hands through her buttons, pressing down on her vagina. When she realized what Valls was doing, A.C. stood up immediately to get away from Valls. A.C. and her parents reported both of the foregoing

---

[2] A pseudonym is being used on A.C.'s behalf because she does not want her personal information to be made public.

incidents to Dardanelle School District, including Diane Thomas and B.J. Chandler. Upon information and belief, A.C. and her parents' report of Valls' behavior occurred prior to repeated sexual assaults of Plaintiffs and prior to Defendants allowing Valls to have additional unfettered and unsupervised access to Plaintiffs.

31.     On yet another occasion, Valls was alone with a different female student, J.M., in the fieldhouse and locked the door. Upon information and belief, Valls sexually assaulted J.M. during this incident. A male Dardanelle student—D.M.— caught Valls alone with J.M. behind locked, closed doors and had sufficient knowledge to know what Valls had been doing to J.M.

32.     One day in or around March 1986, Ms. Jane Doe had to walk back to the bus where she had accidentally left her personal item.

33.     Valls said he would walk with Ms. Jane Doe to the bus. Nobody else was left on the bus.

34.     While Ms. Jane Doe was facing the front of the bus starting to walk off, Valls blocked her in the aisle. Valls began to touch her hair and put his hands on her waist rubbing her up and down. Valls then put his hand down through the front of Ms. Jane Doe's shirt and under her bra and rubbed and groped her breasts. Valls took the other hand and placed it underneath the back of her shirt and rubbed her bare back, up and down. Ms. Jane Doe was incredibly alarmed, embarrassed, ashamed, scared, and did not know what to do.

35.     Ms. Jane Doe did not know how to tell a teacher "No" or "Stop" as Valls was an authority figure. Like most students, she was taught and expected to never undermine authority. Ms. Jane Doe finally said something along the lines of, "We need to get back inside" and they got off the bus.

36.    After the March 1986 incident on the bus, Ms. Jane Doe and Ms. Sally Doe personally reported Valls' behavior to two school counselors (Ms. Stepp and Ms. Williams), B.J. Chandler, the superintendent, and Diane Thomas, the principal.

37.    In reporting, the administration shamed Plaintiffs and blamed them for what had happened. They repeatedly questioned whether Ms. Jane Doe and Ms. Sally Doe were telling the truth and were more concerned with protecting Valls' reputation/career.

38.    Dardanelle School District did not immediately investigate or terminate Valls. They also did not remove Plaintiffs and the other girls from his off-season football class. On April 29, 1986, at the very end of the semester, Dardanelle School District allowed Valls to resign, paying in full his salary for the year.

39.    Dardanelle School District did not notify any authorities, did not place the incidents on Valls' employment record, and did not even notify Ms. Jane Doe and Ms. Sally Doe's parents. As a result of Dardanelle School District's failure to report, Valls would jump between numerous schools in Arkansas, Texas, and Louisiana, wherein dozens of female students over the next three decades reported Valls' sexually abusive behavior.

40.    Plaintiffs' claims, which constitute child sexual abuse, are timely pursuant to Ark. Code § 16-118-118.

## III.    CAUSES OF ACTION

### COUNT 1: NEGLIGENCE
*(Against Dardanelle School District, Arthur J. Gallagher & Co., - Little Rock, Diane Thomas, BJ Chandler, Mark Gotcher, John Does 1-10, and Nicholas Valls)*

41.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

42.     As students of Dardanelle School District, Defendant Dardanelle School District owed a duty to use ordinary care to ensure Plaintiffs' safety. Pursuant to Ark. Code Ann. § 23-79-210 and 21-9-301, this duty extends to Arthur J. Gallagher & Co., - Little Rock.

43.     As superintendent of Dardanelle School District, BJ Chandler (and/or Mark Gotcher in his official capacity) owed a duty to exercise the standard of care applicable in his (their) position so as to act in a manner to not perpetuate harm on Plaintiffs.

44.     As principal of the subject Dardanelle school, Diane Thomas owed a duty to exercise the standard of care applicable in her position so as to act in a manner to not perpetuate harm on Plaintiffs.

45.     Valls also owed a duty to Plaintiffs to refrain from acting in a manner that would perpetuate a harm on Plaintiffs.

46.     A reasonably careful school district under similar circumstances would not have allowed a teacher who had exhibited grooming behaviors to have and maintain private, unsupervised time with such a small group of minor female students.

47.     A reasonably careful school district under similar circumstances would have implemented safety procedures and reporting mechanisms to ensure a male teacher could not have alone time with a small group of minor female students.

48.     A reasonably careful teacher under similar circumstances would not have sexually harassed and assaulted his female students.

49.     As set forth hereinabove, Defendants breached their duty to use ordinary care for Plaintiffs' safety.

50.     But for Defendants' failure to exercise ordinary care, Plaintiffs would not have suffered molestation and sexual assault.

9

51.     Defendants' negligence was the proximate and actual cause of Plaintiffs' extensive damages as set forth herein.

52.     Arthur J. Gallagher & Co., - Little Rock and John Does, as the liability insurers of Dardanelle School District during the events described herein, are directly liable to Plaintiffs for damages to the extent of the coverage in the liability insurance policy. Ark. Code § 23-79-210(a)(3).

**COUNT 2: NEGLIGENT HIRING**
***(Against Dardanelle School District, Arthur J. Gallagher & Co., - Little Rock, John Does)***

53.     Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

54.     Dardanelle School District failed to conduct a background check before hiring Valls.

55.     Dardanelle School District hired Valls even though he did not have his teaching license at the time.

56.     Dardanelle School District hired Valls without any previous teaching experience or credentials.

57.     Dardanelle School District failed to exercise due diligence before hiring Valls.

58.     But for Dardanelle School District's negligent hiring, Valls would not have molested and sexually assaulted Plaintiffs.

59.     As a result of Dardanelle School District's negligent hiring, Plaintiff suffered damages.

60.     Arthur J. Gallagher & Co., - Little Rock and John Does, as the liability insurers of Dardanelle School District during the events described herein, are directly liable to Plaintiffs for

damages to the extent of the coverage in the liability insurance policy. Ark. Code § 23-79-210(a)(3).

### COUNT 3: NEGLIGENT SUPERVISION
*(Against Dardanelle School District, Arthur J. Gallagher & Co., - Little Rock, John Does)*

61.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

62.    Defendant Dardanelle School District was on notice that Rolando Valls had the propensity to molest and sexually assault his female students due at least to his inappropriate comments to minor females, inappropriate touching of his minor female students, and being caught alone with a female student behind closed doors.

63.    Being on notice, Valls' sexual touching and assaults of Plaintiffs were foreseeable.

64.    Despite the foreseeability, Dardanelle School District failed to exercise any supervisory care over Valls, instead giving him free, unsupervised and unfettered reign over Plaintiffs in Valls' off-season football class.

65.    As a direct and proximate result of Dardanelle School District's failure to supervise, Valls sexually molested and assaulted Plaintiffs on numerous occasions.

66.    Plaintiffs suffered damages as a result of Dardanelle School District's failure to supervise.

67.    Arthur J. Gallagher & Co., - Little Rock and John Doe, as the liability insurers of Dardanelle School District during the events described herein, are directly liable to Plaintiffs for damages to the extent of the coverage in the liability insurance policy. Ark. Code § 23-79-210(a)(3).

11

**COUNT 4: NEGLIGENT RETENTION**
*(Against Dardanelle School District, Arthur J. Gallagher & Co., - Little Rock, John Doe)*

68.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

69.    Defendant Dardanelle School District was on notice that Rolando Valls had the propensity to molest and sexually assault his female students due at least to his inappropriate comments to minor females, inappropriate touching of his minor female students, and being caught alone with a female student behind closed doors.

70.    Being on notice, Valls' sexual touching and assaults of Plaintiffs was foreseeable.

71.    Being on notice of Valls' disposition to molest adolescent female students, Dardanelle School District was negligent in not terminating Valls and failing to take steps to terminate him immediately upon receiving notice of his inappropriate sexual misconduct with female students.

72.    Despite the foreseeability, Dardanelle School District negligently retained Valls and gave him free, unsupervised reign over Plaintiffs in Valls' off-season football class.

73.    As a direct and proximate result of Dardanelle School District's negligent retention, Valls sexually molested and assaulted Plaintiffs.

74.    Plaintiffs suffered damages as a result of Dardanelle School District's negligent retention.

75.    Arthur J. Gallagher & Co., - Little Rock and John Doe, as the liability insurers of Dardanelle School District during the events described herein, are directly liable to Plaintiffs for damages to the extent of the coverage in the liability insurance policy. Ark. Code § 23-79-210(a)(3).

12

## COUNT 5: 42 U.S.C. § 1983 CLAIM
*(Against Diane Thomas and Estate of BJ Chandler, individually and in their official capacities as principal and superintendent of Dardanelle School District)*

76.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

77.    Governmental entities are liable for constitutional violations when execution of their policies deprive an individual of their rights under the U.S. Constitution. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 695 (1978). "It is well-settled that the Due Process Clause of the Fourteenth Amendment protects the liberty interest of a child in public school from sexual abuse." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 778 (8th Cir. 2001).

78.    "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (internal citations omitted) (internal quotations omitted). A "single decision by a municipal official can constitute official policy." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017).

79.    One acts as a "policymaker" when he or she "speak[s] with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *See McMillian v. Monroe County, Ala.*, 520 U.S. 781, 784-85 (1997).

80.    At all times relevant, Diane Thomas and BJ Chandler were acting as policymakers on behalf of Dardanelle School District. Dardanelle School District left the task of addressing sexual misconduct against Dardanelle students to Diane Thomas and BJ Chandler without review by other government officials. When reports about Valls' inappropriate misconduct were sent to

13

Diane Thomas and BJ Chandler at the principal and superintendent levels, both made the decision

to keep Valls in his position and give him even more unsupervised time with Plaintiffs in Valls'

off-season football class. This allowance for unfettered, unsupervised access to Plaintiffs when

Diane Thomas and BJ Chandler knew that there were already reports of Valls' sexual misconduct

and/or inappropriate behavior, reflects that Dardanelle School District had a policy, custom, or

usage of deliberate indifference to the rights of students (including Plaintiffs).

      81.    Diane Thomas and BJ Chandlers' following decisions were not subject to review

by another official or government body, and thereby constitute final policymaking for Dardanelle

School District: (1) failing to implement any sexual harassment training, policies, and procedures

at Dardanelle Middle School; (2) choosing not to initiate a formal investigation upon the direct

observance of inappropriate behavior, as well as reports of inappropriate behavior by other school

employees; (3) allowing Valls to remain in his position without consequence or termination, even

after direct observations and reports of misconduct were made; (4) giving Valls' even more

unfettered, unsupervised access to a select, small group of female minor students in his off-season

football program, thereby giving him the opportunity to molest and sexually assault Plaintiffs; (5)

shaming Plaintiffs after they reported their own personal experience with Valls; and (6) ultimately

allowing Valls to resign without placing the sexual misconduct incidents on his formal record.

Effectively, Diane Thomas and BJ Chandler used their positions of authority to protect Valls and

cover up for him. Overall, Dardanelle School District buried its head in the sand as to Valls' pattern

of violations of students' rights to bodily integrity.

      82.    At all times relevant, Diane Thomas, as Principal of Dardanelle Middle School, and

BJ Chandler, as superintendent for Dardanelle School District, were school district officials with

policymaking authority with regard to investigating and handling allegations of sexual harassment

and abuse by teachers against students sufficient to establish school policy or custom by their very actions or failures to act. Furthermore, upon information and belief, there were no policies dictated by Dardanelle School District School Board or Board of Directors constraining Thomas's and Chandlers' authority in this regard.

83.     During Plaintiffs' time as students at Dardanelle Middle School, Diane Thomas's and BJ Chandler's repeated practice of failing to adequately investigate, suppressing, and ultimately ignoring all reports regarding inappropriate behavior of teacher toward a student reflects a custom on the part of Dardanelle School District of deliberate indifference toward violations of Plaintiffs' constitutional rights to bodily integrity.

84.     The custom established by Diane Thomas and BJ Chandler permitted Valls to sexually assault Plaintiffs on numerous occasions, thereby violating their right to bodily integrity.

85.     As a result of the constitutional deprivations by Diane Thomas and BJ Chandler, Plaintiffs suffered extensive damages, to be described in more detail below.

### COUNT 6: 42 U.S.C. § 1983 CLAIM
*(Against Dardanelle School District)*

86.     Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

87.     "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (internal citations omitted) (internal quotations omitted).

88.     Dardanelle School District observed a custom whereby a male teacher could harass, discriminate against, and molest female students with impunity. Educators were encouraged to stay silent about the harassment and other violations both due to the realization that their concerns

would not be investigated or pursued and for fear that they could face reprimand or termination for speaking up. This custom resulted in the constitutional violations and damages noted herein.

89.     Furthermore, Principal Thomas and Superintendent Chandler received numerous reports of Valls engaged in conduct amounting to violations of students' well-established right to bodily integrity, including his excessive massaging. Dardanelle School District's failure to maintain or enforce any prohibition against Valls' violations of female students' bodily integrity throughout his employment and afterward reflects deliberate indifference to those violations. It was patently obvious to Dardanelle School District that failing to train Thomas, Superintendent Chandler, and others to appropriately address these violations of bodily integrity and would result in those violations of bodily integrity continuing to occur and even to escalate.

90.     Upon information and belief, members of the Dardanelle School District Board of Directors were aware that numerous teachers and other employees, along with multiple parents of victimized girls, believed that Dardanelle was sexually abusing female students at Dardanelle Middle School, including Plaintiffs. However, it took no action to prevent or stop this abuse.

91.     As a result of these constitutional violations and failure to train against them, Plaintiffs suffered extensive damages, as described in greater detail below.

## COUNT 7: VIOLATIONS OF TITLE IX
### *(Against Dardanelle School District)*

92.     Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

93.     Enacted in 1972, Title IX prohibits discrimination on the basis of sex in education programs and activities that receive Federal financial assistance. 20 U.S.C § 1681(a).

94.     When a school accepts funds from the federal government for its education programs, it undertakes certain obligations and expectations under federal law as a condition of

receiving those funds. A school specifically agrees, as a condition of receiving federal funds, to operate all of its programs and activities in compliance with Title IX and the Department of Education's Title IX regulations. This agreement is known as an "assurance of compliance." 34 C.F.R. § 106.4 (a)-(c).

95. Here, during all times relevant, Dardanelle School District received federal financial assistance for its education programs and activities, including Dardanelle Middle School. As such, Dardanelle School District is a "Recipient" as defined in 34 C.F.R. § 106.2 and is subject to Title IX of the Education Amendments of 1972 (hereinafter "Title IX").

96. Pursuant to Title IX, Defendant must ensure none of its students are excluded from participation in, denied the benefits of, or subjected to discrimination "on the basis of sex." 20 U.S.C. § 1681.

97. Title IX's objective is two-fold: (1) to "avoid the use of Federal resources to support discriminatory practices", and (2) to "provide individual citizens *effective* protection against those practices." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 704 (1979) (emphasis added).

98. A Recipient specifically violates Title IX when it has actual knowledge of actionable sexual harassment and responds to that harassment with deliberate indifference.

99. Actionable sexual harassment includes unwelcome conduct on the basis of sex that is "so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the school's education program or activity." 34 C.F.R. § 106.30.

100. Here, Defendant Dardanelle School District had actual notice of actionable sexual harassment, based on their personal knowledge that Valls was grooming his female students, touching them inappropriately in class and in the hallways, and that Valls was discovered on at

least one occasion engaging in sexual misconduct with another female student in a closet on school grounds.

101.    Defendant maintained a policy of deliberate indifference to reports of sexual misconduct.

102.    Defendant's policy of deliberate indifference toward sexual harassment is shown at a minimum by its failure to train administration and coaches regarding Title IX, its requirements, and how to identify inappropriate contact between teachers and students, as well as sexual harassment in general.

103.    Defendant's deliberate indifference created a heightened risk of sexual harassment that was known or obvious in a context subject to the school's control.

104.    Defendant's deliberate indifference and clearly unreasonable acts and omissions caused Plaintiffs to suffer sexual harassment that was so severe, pervasive, and objectively offensive that they were deprived equal access to Defendant's educational opportunities and benefits.

105.    Defendant's deliberate indifference is shown, at least in part, by Defendant's decision to allow Valls to choose four female minor students to participate in his off-season football program wherein he would have even more unsupervised, private access to female minors (including Plaintiffs). Defendant gave Valls this unsupervised access to Plaintiffs even after it had actual notice of Valls' sexual harassment and misconduct with female students in his P.E. and science classes.

106.    Defendant's deliberate indifference is also shown in Defendant's deliberate failure to not investigate Valls after reports were made, failure to train, reprimand, and terminate Valls after it received reports of his misconduct, failure to report Valls' behavior to authorities, and

failure to set Plaintiffs up with any supportive measures, instead shaming them and doubting them when they made the decision to report.

107. At all relevant times, Dardanelle School District exercised substantial control over Valls and the context in which the harassment occurred.

108. At all relevant times, Dardanelle School District's deliberate indifference directly caused the discrimination to occur and made Plaintiffs vulnerable to discrimination and a hostile educational environment.

109. Dardanelle School District failed to promptly and properly investigate the reports of discrimination, thereby creating a hostile educational environment for Plaintiffs.

110. The discrimination Plaintiffs suffered was so severe, pervasive, and objectively offensive that it presented Plaintiffs from equal access to educational opportunities and benefits.

111. Had Defendant complied with Title IX, the complained of harassment and/or unwelcome sexual activity would have been prevented and Plaintiffs would not have been deprived equal access to educational benefits, nor would have suffered damages.

## ALTERNATIVE COUNT 8: BATTERY
### *(Against Defendant Nicholas Valls)*

112. Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

113. As an alternative count to the negligence claim against Defendant Valls, Defendant Valls' intentionally made harmful and/or offensive contact to Plaintiffs.

114. Defendant Valls intended to create the apprehension of harm and offense to Plaintiffs.

115. As a result of Defendant Valls' intentional actions, Plaintiffs suffered damages as described further herein.

## ALTERNATIVE COUNT 9: ASSAULT
### *(Against Defendant Nicholas Valls)*

116.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

117.    As an alternative count to the negligence claim against Defendant Valls, Defendant Valls' actions created a reasonable apprehension of immediate harmful or offensive contact against Plaintiffs.

118.    Defendant Valls intended to cause that apprehension to Plaintiffs.

119.    Plaintiffs actually apprehended they were going to receive harmful and/or offensive contact by Defendant Valls.

120.    As a result of Defendant Valls' intentional actions, Plaintiffs suffered damages as described further herein.

## ALTERNATIVE COUNT 10: FALSE IMPRISONMENT
### *(Against Defendant Nicholas Valls)*

121.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

122.    As an alternative count to the negligence claim against Defendant Valls, Defendant Valls unlawfully violated Plaintiffs' personal liberty by restraining them against their will by way of his authority.

123.    On the bus, Defendant Valls also intentionally and physically blocked Ms. Jane Doe so that she could not get off the bus, proceeding to sexually assault her.

124.    As a result of Defendant Valls' intentional actions, Plaintiffs suffered damages as described further herein.

20

## ALTERNATIVE COUNT 11: INVASION OF PRIVACY
### *(Against Defendant Nicholas Valls)*

125.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

126.    As an alternative count to the negligence claim against Defendant Valls, Defendant Valls intentionally intruded physically upon Plaintiffs' solitude and believed and/or was substantially certain that he lacked the personal permission, invitation, or valid consent to commit the intrusive acts.

127.    The intrusions were highly offensive to a reasonable person.

128.    Plaintiffs conducted themselves in a manner consistent with actual expectations of privacy.

129.    As a result of Defendant Valls' intentional actions, Plaintiffs suffered damages as described further herein.

## IV.    DAMAGES

130.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as fully set forth herein.

131.    Plaintiffs suffered injuries and damages as a result of Defendants' deprivations of Plaintiffs' constitutional rights and tortious conduct.

132.    Plaintiffs' injuries and damages include but are not limited to:

(a) Emotional suffering and mental anguish, including shame, humiliation and loss of self-worth, experienced thus far and continuing well into the future;

(b) Medical expenses incurred in the past and continuing into the future for physical ailments, counseling and therapy, and transportation expenses to obtain such treatment;

21

(c) Loss of educational benefits and opportunities, as well as the future effects of such;

(d) Physical manifestations of trauma, mental anguish, and other psychological harms;

(e) Loss of employment opportunities and earning capacity; and,

(f) Any other damages available under Title IX, § 1983, and the alleged torts.

## V.     **PRAYER FOR RELIEF**

1.     Entry of judgment in favor of Plaintiffs and against Defendants as applicable and for each of the above Counts;

2.     An award of reasonable attorney fees, expenses, pre-judgment interest, post judgment interest, and costs;

3.     An award of economic damages in an amount to be determined by a jury at trial that includes but is not limited to, out-of-pocket expenses, loss of income, loss of future earnings and earning capacity, and past and future medical bills,

4.     An award of noneconomic damages that includes loss of enjoyment of life and pain and suffering in an amount to be determined by a jury at trial;

5.     An award of punitive damages against each Defendant in an amount to be determined by a jury at trial; and

6.     Entry and award of such other and further relief the Court deems just and proper.

## VI.     **JURY DEMAND**

Plaintiff requests trial by a twelve-person jury for all issues, claims, and defenses so triable.

DATED: December 28, 2023

Respectfully submitted,

TAYLOR LAW PARTNERS LLP

/s/ Andrew Myers
Andrew Myers (AR 2020004)
303 E Millsap Rd

22

PO Box 8310
Fayetteville, AR 72703
479.443.5222
479.443.7842 – Facsimile
amyers@taylorlawpartners.com

HB ADVOCATES PLLC

(Pro Hac Motion forthcoming)
Hayley Hanna Baker (TN Bar No. 37439,
MO Bar No. 70101) *Motion forthcoming*
1831 12th Ave. S. Ste 325
Nashville, TN 37203
Email: hbaker@hb-advocates.com
Phone: (615)505-3260

*Attorneys for Plaintiffs*

# EXHIBIT 1

**IN THE CIRCUIT COURT FOR YELL COUNTY, ARKANSAS**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **JANE DOE and SALLY DOE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 75CV-23-128** |
| | ) | |
| **DARDANELLE SCHOOL DISTRICT,** | ) | **12 PERSON JURY DEMAND** |
| **ARTHUR J. GALLAGHER & CO., -** | ) | |
| **LITTLE ROCK, ROLANDO VALLS,** | ) | |
| **individually and in his Official Capacity** | ) | |
| **as coach and teacher, DIANE** | ) | |
| **THOMAS, individually and in her** | ) | |
| **Official Capacity as principal, ESTATE** | ) | |
| **OF BJ CHANDLER, individually and in** | ) | |
| **his Official Capacity, MARK** | | |
| **GOTCHER, in his Official Capacity,** | | |
| **and JOHN DOES 1-10,** | | |
| | | |
| **Defendants.** | | |

## AFFIDAVIT

STATE OF Arkansas )
)
COUNTY OF Washington )

I, Andrew Myers, being duly sworn, deposes and states the following:

1.    I am the attorney for the Plaintiffs, Jane Doe and Sally Doe.

2.    Upon information and belief, there are parties whose identity is unknown at this time.

3.    These unknown parties have been designated in Plaintiffs' Complaint as John Does 1-10.

FURTHER AFFIANT SAYETH NAUGHT.

1

_____

Andrew Myers

SUBSCRIBED AND SWORN to before me, a Notary Public, this 20th day of December, 2023.

_____

Notary Public

My Commission Expires:

_____

2