ELECTRONICALLY FILED
Yell County Circuit Court in Dardanelle District
Anna M. Ward, Circuit Clerk
2024-Apr-15  09:46:32
75NCV-23-128
C15D02 : 8 Pages

## IN THE CIRCUIT COURT OF YELL COUNTY, ARKANSAS
## CIVIL DIVISION

**JANE DOE and SALLY DOE**                                    **PLAINTIFFS**

v.                    **CASE NO. 75NCV-23-128**

**DARDANELLE SCHOOL DISTRICT,
ARTHUR J. GALLAGHER & CO., LITTLE ROCK,
ROLANDO VALLS, individually and in his
Official Capacity as coach and teacher,
DIANE THOMAS, individually and in her
Official Capacity as principal, ESTATE
OF BJ CHANDLER, individually and in his
Official Capacity, MARK GOTCHER, in his
Official Capacity, and JOHN DOES 1-10**

**DEFENDANTS**

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Separate Defendant Rolando Valls ("Defendant Valls") and for his Brief in Support of his Motion to Dismiss states:

### I.   Introduction

This lawsuit arises from the claims of two unnamed Plaintiffs, Jane Doe and Sally Doe (collectively, "Plaintiffs"). The Plaintiffs allege that forty years ago Defendant Valls committed multiple instances of sexual abuse against the Plaintiffs while employed as a coach and teacher by Dardanelle School District. The Plaintiffs claim negligence, assault, battery, false imprisonment, and invasion of privacy. The Plaintiffs had the later of either three years after discovering the abuse or until the age of 21 to bring their claims. To circumvent the statute of limitations, the

1

Plaintiffs rely on the recently enacted Justice for Vulnerable Victims of Sexual Abuse Act, Ark. Code § 16-118-118 ("the Act"). However, the Act conflicts with well-established precedent that statutes of limitations cannot be retroactively expanded to revive previously barred causes of action. The Act also violates Defendant Valls' due process rights under the Arkansas Constitution. For these reasons, the Court should grant the motion to dismiss this case.

## II.     Factual Background

The alleged actions underlying the Plaintiffs' Amended Complaint ("Complaint") occurred between 1984 and 1986. At the end of the time frame alleged, the Plaintiffs were apparently 14 years old. The Plaintiffs would have turned 18 in approximately 1990 and 21 in approximately 1993. In addition to various allegations regarding Defendant Valls' behavior with nonparties to this case, the Plaintiffs allege Defendant Valls molested, harassed, and assaulted the Plaintiffs between 1984 and 1986. The Plaintiffs claim to have reported various incidents to Defendant Valls' superiors and the Dardanelle School District, but Defendant Valls was not terminated, and no investigation commenced. The Plaintiffs, now presumably in their fifties, brought this action forty years after the alleged events occurred and over thirty years after the Plaintiffs attained majority, naming Defendant Valls alongside several defendants, including the estate of one prospective defendant who passed away in the intermediary gulf of time.

### III.   Standard of Review

A pleading must be dismissed if it fails to state facts upon which relief can be granted. Perrodin v. Rooker, 322 Ark. 117, 120, 908 S.W.2d 85, 87 (1995). "In order to prevail on a motion to dismiss a complaint on the basis of a statute-of-limitations defense, it must be barred on its face." Hutcherson v. Rutledge, 2017 Ark. 359, 2, 533 S.W.3d 77, 79. When it is clear from the face of the complaint that the action is barred by the applicable statute of limitations, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was tolled. Id. at 3-4, 533 S.W.3d at 79-80.

### IV.   Argument

But for the retroactive application of the Act to revive these claims, the applicable statutes of limitations in this matter expired approximately 30 years ago. Retroactively applying the Act would run contrary to firmly established Arkansas precedent protecting defendants from such applications and would disturb Defendant Valls' vested right to these defenses in violation of the due process clause of the Arkansas Constitution.

#### A.   The Plaintiffs' Claims are Barred by the Statutes of Limitations.

Plaintiffs' claims are time barred by the applicable statutes of limitations. Arkansas gives minors up to three years after reaching the age of majority to bring actions based on events occurring prior to attaining majority. Ark. Code § 16-56-

116(a). Statutes of limitations are meant to "spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." Owen v. Wilson, 260 Ark. 21, 26, 537 S.W.2d 543, 545-546; citing Chase Securities Corp. v. Donaldson, 325 U.S. 304. 314 (1945).

Arkansas courts have consistently held that the legislature cannot revive actions barred by statutes of limitations and to do so would be unconstitutional. Hall v. Summit Contractors, Inc., 356 Ark. 609, 613-614, 158 S.W. 3d 185, 188 (2004); citing Chunn v. D'Agostino, 312 Ark. 141, 143, 847 S.W.2d 699, 700 (1993). See also Johnson v. Lilly, 308 Ark. 201, 203-204, 823 S.W.2d 883, 885 (1992). Although nonbinding, Miller v. Subiaco Academy is the closest factual comparison to the Complaint. Miller v. Subiaco Academy, 386 F.Supp.2d 1025 (W.D. Ark. 2005).

In Miller, the plaintiff brought an action against his alleged abusers which would have been time barred but for the enactment of Ark. Code § 16-56-130 in August of 1993. Id. at 1028. The United States District Court for the Western District of Arkansas recognized that the Arkansas Supreme Court "has long held that the legislature ... may not expand a limitation period so as to revive a claim already barred." Id. Applying Arkansas law, the District Court held that where a plaintiff reached the majority in 1980 and did not bring his action by 1983, the subsequent statute enacted in 1993 could not revive his claim.

Here, based on the Complaint, the Plaintiffs were no older than 14 at the end of the alleged conduct in 1986. Plaintiffs attained majority approximately in 1990 and the causes of action were barred by statutes of limitations approximately in 1993. The alleged events giving rise to these claims occurred, at the latest, in 1986 – nearly 40 years ago. The statute of limitations extinguished any prospective causes of action approximately 30 years ago. The length of time between the events alleged and the commencement of this action is so great as to have rendered memories, witnesses, and evidence all irreparably ravaged by its passage.

Despite this, the Plaintiffs rely on the Act to revive their causes of action. The Act purports to revive previously time barred causes of action in cases where vulnerable persons, including minors, were victims of sexual abuse in their minority. Ark. Code § 16-118-118. Although noble in its intention, this law is unenforceable under firmly established Arkansas precedent. To apply the Act to this case would be to defeat the professed purpose of statutes of limitations, as few claims deserve the moniker "stale" as strongly as a forty-year-old sexual harassment claim wherein at least one key witness has died and the availability and reliability of remaining witnesses, evidence, and memories are, at best, extremely dubious. The Court should grant Defendant Valls' motion to dismiss because the Plaintiffs' claims are barred by the applicable statutes of limitations and the Act cannot revive their claims.

### B. Permitting the Complaint to Proceed under Ark. Code § 16-118-118 would Violate Defendant Valls' Due Process Rights.

The Arkansas Constitution dictates that "no person shall be ... deprived of life, liberty, or property, without due process of law." Ark. Const. art. II, § 8. A property right which has vested is generally a protected property right. Forrest City Mach. Works, Inc. v. Aderhold, 273 Ark. 33, 40-41, 616 S.W.2d 720, 724 (1981). In Arkansas, vested rights exist where the law "declares that one may resist the enforcement of a claim by another." Id. at 41, 724. A defendant has a right to rely on the expiration of a statute of limitations as a defense once that statute of limitations has expired, and such defenses resist the enforcement of a claim by another. Hall, 356 Ark. At 614, 158 S.W,3d at 188. Because a statute of limitations defense enables one to "resist the enforcement of a claim by another," it is a vested right subject to due process protections under the Arkansas Constitution. Miller, 386 F.Supp.2d at 1028. Laws which retroactively apply statutes cannot be constitutional where those laws impair or disturb vested rights. Alpe v. Federal National Mortgage Association, 2023 Ark. 58, 4, 663 S.W.3d at 653.

To proceed, the Plaintiffs must defeat Defendant Valls' defense of untimeliness based on the statutes of limitations. The Plaintiffs cannot do so without reliance on the Act. But the Act purports to revive claims which were previously barred. The Act cannot be applied retroactively to revive these claims,

6

because doing so would deprive Defendant Valls of his vested rights without due process of law, thereby violating the Arkansas Constitution.

## V.     Conclusion

Defendant Valls is entitled to dismissal of the Complaint because the applicable statutes of limitations expired approximately thirty years ago. If the Complaint were allowed to proceed on the grounds that the Act retroactively renewed the Plaintiffs' claims, the Act would disturb Defendant Valls' vested right in his statutes of limitations defense(s). This disturbance of Defendant Valls' vested rights runs contrary to firmly established Arkansas precedent and to the Arkansas Constitution. Because the Plaintiffs' claims are barred by the statutes of limitations, this Court should grant Defendant Valls' motion to dismiss the Complaint for failure to state facts upon which relief can be granted under Ark. R. Civ. P. 12(b)(6).

Respectfully submitted,

Nicholas Rolando Valls, Defendant

By: _____

Kevin Hickey ABN 2000182
Attorney at Law
502 Garrison Avenue
Fort Smith, Arkansas 72901
(479) 434-2414 Telephone
(479) 434-2415 Facsimile

## CERTIFICATE OF SERVICE

I, Kevin Hickey, hereby certify that on this 15th day of April 2024, that a true and correct copy of the foregoing was provided to the following:

Andrew Myers
Taylor Law Partners LLP
Via Email/Eflex
amyers@taylorlawpartners.com

Hayley Hanna Baker
Via Email
hbaker@hb-advocates.com

Attorneys for Plaintiffs

___ via U.S. Mail    ___ via Hand-Delivery    ___ via Facsimile    ✓ via Email
___ Certified
___ RRR

_____
Kevin Hickey

8