FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 17 2024

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANE DOE and SALLY DOE                                        PLAINTIFFS

v.                          Case No. 4:24-cv-339-LPR

DARDANELLE SCHOOL DISTRICT,
ARTHUR J. GALLAGHER & CO., - LITTLE ROCK,
ROLANDO VALLS, Individually
and in his Official Capacity as coach and teacher,
DIANE THOMAS, Individually and in her
Official Capacity as principal,
ESTATE OF BJ CHANDLER, Individually and in
his Official Capacity,
MARK GOTCHER, in his Official Capacity,
and JOHN DOES 1-10                                            DEFENDANTS

## BRIEF IN SUPPORT OF SEPARATE DEFENDANTS DARDANELLE SCHOOL DISTRICT, ROLANDO VALLS, IN HIS OFFICIAL CAPACITY, DIANE THOMAS, AND MARK GOTCHER'S MOTION TO DISMISS

For their Brief in Support of the Motion to Dismiss, Separate Defendants Dardanelle School District ("District"); Rolando Valls ("Valls"), in his official capacity; Diane Thomas ("Thomas"), in her individual and official capacities; and Mark Gotcher ("Gotcher"), in his official capacity, by their attorneys, Bequette, Billingsley & Kees, P.A., state:

**I.    INTRODUCTION.**

The present lawsuit asserts claims that have long been barred by the applicable statutes of limitations. Plaintiffs rely upon the Justice for Vulnerable Victims of Sexual Abuse Act, Ark. Code Ann. § 16-118-118 (the "Revival Act"), to allege those barred claims are now revived. Contrary to Plaintiffs' assertion, Arkansas law is clear that the legislature cannot revive a cause of action already barred. Plaintiffs' claims must, therefore, be dismissed based on the appliable statutes of limitations. Fed. R. Civ. P. 12(b)(6).

## II.   PROCEDURAL BACKGROUND AND ALLEGATIONS.

Plaintiffs, Jane Doe and Sally Doe, bring their Amended Complaint against several Defendants, including the District; Valls, a former teacher and coach at Dardanelle Middle School; Thomas, the former principal of Dardanelle Middle School; and Gotcher[1], the District's immediate former superintendent. For purposes of their Motion to Dismiss and this supporting Brief, the District, Valls (in his official capacity), Thomas, and Gotcher are collectively referred to herein as the "District Defendants."

Plaintiffs allege that during the 1985-86 school year, Plaintiffs were students in Valls' seventh grade science class, P.E. class in the fall semester, and off-season football class in the spring semester. Am. Compl., at ¶ 16. Plaintiffs were thirteen (13) at the beginning of the school year and turned fourteen (14) by the spring semester. *Id.* at ¶ 17. Plaintiffs claim that during that time, Valls "engaged in grooming behavior towards [them], culminating in a pattern of sexual harassment, molestation, sexual assaults, and violations of bodily integrity." *Id.* at ¶ 15.

Plaintiffs bring causes of action against the District for negligence, negligent hiring, negligent supervision, negligent retention, a constitutional violation under 42 U.S.C. § 1983, and violations under Title IX. *Id.* at ¶¶ 41-75, 86-111. Plaintiffs bring causes of action against Valls for negligence, battery, assault, false imprisonment, and invasion of privacy. *Id.* at ¶¶ 41-52, 112-129. Plaintiffs bring causes of action against Thomas for negligence and a constitutional violation under 42 U.S.C. § 1983. *Id.* at ¶¶ 41-52, 76-85. Plaintiffs bring a cause of action against Gotcher for negligence only. *Id.* at ¶¶ 41-52. Plaintiffs assert their claims are timely pursuant to the Revival

---

[1] Gotcher was the superintendent for the District at the time of the filing of the Amended Complaint. *See* Am. Compl., at ¶ 9. He is not currently superintendent. Further, he was not the superintendent during the time of the factual allegations that serve as the basis for Plaintiffs' claims. *See id.* at ¶¶ 8-9.

2

Act. *Id.* at ¶ 40. Despite their assertion, however, the Revival Act cannot revive Plaintiffs' claims that have long been barred by the statutes of limitations. Accordingly, Plaintiffs' claims should be dismissed.

### III. AUTHORITY AND ANALYSIS.

"A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (quoting *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)). Based on Plaintiffs' Amended Complaint, all of their claims are barred under the applicable statutes of limitations. As further addressed below, the Revival Act cannot revive these barred claims. Moreover, even if these claims could be revived, which they cannot, the Revival Act has no effect on Plaintiffs' federal claims.

#### A. Plaintiffs' State Law Claims Are Barred by the Statutes of Limitations.

All of Plaintiffs' state law claims are time barred. Plaintiffs' claims arise from conduct that allegedly occurred during the 1985-86 school year, when they were 13 and 14 years old. Am. Compl., at ¶¶ 13-40. The statute of limitations for negligence actions is three years. Ark. Code Ann. § 16-56-105; *O'Mara v. Dykema*, 328 Ark. 310, 317, 942 S.W.2d 854, 858 (1997) ("[A] three-year statute of limitations applies to all tort actions not otherwise limited by law."). The statute of limitations for assault, battery, and false imprisonment is one year. Ark. Code Ann. § 16-56-104. Because Plaintiffs were minors at the time the alleged conduct occurred, they had until they reached twenty-one (21) years of age, three (3) years after reaching the age of majority, to file their state law claims. *See* Ark. Code Ann. § 16-56-116(a); *Harris v. Standardized Sanitation Systems, Inc.*, 658 F. Supp. 438, 439 (W.D. Ark. 1987) ("Arkansas' general savings statute allows a minor to bring any action which accrued during the time of his minority within three years after he reaches the age of majority."). Plaintiffs, therefore, had until 1993 to file their claims. Plaintiffs'

claims are now time barred and must be dismissed. As further addressed below, the Revival Act cannot revive these barred claims.

### 1. The Revival Act Cannot Revive Plaintiffs' Statutes of Limitations.

Through the Revival Act, the Arkansas Legislature improperly attempts to revive the statute of limitations for certain victims of sexual abuse. The Revival Act states, in relevant part:

> (1) Notwithstanding any other statute of limitation or any other law that may be construed to reduce the statutory period set forth in this section, a vulnerable victim may bring a civil action against any party who committed sexual abuse against the vulnerable victim or whose tortious conduct caused the vulnerable victim to be a victim of sexual abuse.
>
> (2) Notwithstanding any other statute of limitation or any other law that may be construed to reduce the statutory period set forth in this section, a civil action similar to a civil action described in subdivision (b)(1) of this section, including a cause of action arising before, on, or after July 28, 2021, that was barred or dismissed due to a statute of limitation is revived, and the civil action may be commenced not earlier than six (6) months after and not later than thirty (30) months after August 1, 2023.

Ark. Code Ann. § 16-118-118(b).

The Arkansas Supreme Court has "long taken the view, along with a majority of the other states, that the legislature cannot expand a statute of limitation so as to revive a cause of action already barred." *Johnson v. Lilly*, 308 Ark. 201, 203-04, 823 S.W.2d 883, 885 (1992). Under Arkansas law, "after a cause of action has become barred by the statute of limitations, the defendant has a vested right to rely on that statute as a defense, and neither a constitutional convention nor the Legislature has power to divest that right and revive the cause of action." *Id.* "Where title to property has vested under a statute of limitation, it is not possible by an enactment to extend or revive the remedy since this would impair a vested right in the property." *Id.* Retroactive legislation that takes property belonging to one and gives it to another violates the due process clause. *See*

*Forrest City Machine Works, Inc. v. Aderhold*, 273 Ark. 33, 40, 616 S.W.2d 720, 724 (1981); Ark. Const. art. 2, § 21.

The Arkansas Supreme Court has been consistent on the Arkansas Legislature's inability to revive a statute of limitations. *See, e.g., Hall v. Summit Contractors, Inc.*, 356 Ark. 609, 614, 158 S.W.3d 185, 188 (2004) (holding the legislature's repeal of the Limitations Act could not revive a claim that was already time-barred); *Green v. Bell*, 308 Ark. 473, 478 n.1, 826 S.W.2d 226, 229 (1992) (holding the court could not consider application of an amendment to a statute that enlarged the statute of limitations in an action for enforcement of child support or for a judgment of arrearages because the application would revive a cause of action previously barred); *Johnson v. Lilly*, 308 Ark. 201, 201-02, 823 S.W.2d 883, 884 (1992) (holding a statute enlarging the statute of limitations for enforcement of child-support obligations could not be applied retroactively to revive claims already barred). In *Miller v. Subiaco Acad.*, 386 F. Supp. 2d 1025, 1027-29 (W.D. Ark. 2005), the district court applied the Arkansas Supreme Court's precedent in holding that another statute of limitations on sexual abuse actions, Ark. Code Ann. § 16-56-130, could not revive a claim previously barred. In *Miller*, the plaintiff's claim was statutorily barred three years after he reached the age of majority, in 1983. *Id.* at 1029. The court held that Ark. Code Ann. § 16-56-130, enacted in 1993, could not be used to revive the barred claim. *Id.; see also Mitchell v. Roberts*, 469 P.3d 901, 913 (Utah 2020) (holding the legislature lacks the power to revive sexual abuse claims that are otherwise barred by the statute of limitations).

Here, Plaintiffs' state law claims were barred by the statutes of limitations no later than 1993. At that time, the District Defendants had a vested right to rely on those statutes as a defense. The Revival Act was enacted in 2021. Ark. Acts 2021, No. 1036, and seeks to revive claims previously barred by the statutes of limitations. The Arkansas Legislature, however, does not have

5

the authority to revive Plaintiffs' claims that were barred before the enactment of the Revival Act. Accordingly, the Court should dismiss Plaintiffs' claims.

### B. Plaintiffs' Federal Claims Are Barred Regardless of the Revival Act.

Even assuming, *arguendo*, the Revival Act is effective, Plaintiffs' § 1983 and Title IX claims are nonetheless barred by the applicable statute of limitations. When a federal statute does not contain a limitations period (as is the case for Title IX and § 1983), the settled practice is to borrow an "appropriate" statute of limitations from state law. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004); *see also* 42 U.S.C. § 1988. In *Wilson v. Garcia*, the Supreme Court held that § 1983 claims are subject to state personal injury statutes of limitations. 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), *partially superseded by statute as stated in Jones*, 541 U.S. at 377-80. The Supreme Court explained that a state's personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to § 1983 claims to minimize unnecessary litigation and further the interests of uniformity and certainty. *Id.* at 275. In *Owens v. Okure*, the Supreme Court refined *Wilson* and held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). A Title IX claim is subject to the same limitations period that applies to a § 1983 claim. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618 (8th Cir. 1995).

Following *Wilson* and *Owens*, the Eight Circuit recognized that Arkansas's three-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (holding Arkansas's three-year personal injury statute of limitations applied to § 1983 actions filed in Arkansas); *Ketchum v. West Memphis*, 974 F.2d

6

81, 82 (8th Cir. 1992) ("In Arkansas, the general personal-injury statute of limitations is three years, and this period therefore governs § 1983 actions brought in that state."). The relevant Arkansas statute provides that "[a]ll actions founded upon any contract, obligation, or liability not under seal and not in writing" . . . "shall be commenced within three (3) years after the cause of action accrues[.]" Ark. Code Ann. § 16-56-105.

Despite Plaintiffs' reliance on the Revival Act, it does not apply to their § 1983 and Title IX claims. The three-year statute of limitations for personal injury applies rather than the specific limitations period set forth in the Revival Act. The United States Supreme Court has made clear that the statute of limitations for all § 1983 claims is the relevant state's "general or residual statute for personal injury actions." *Owens*, 488 U.S. at 250. As a result, any argument that the Revival Act applies over the general personal injury statute of limitation is foreclosed by *Wilson* and *Owens*.

In *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101 (2d Cir. 2023), the Second Circuit addressed the same issue now before this Court. The plaintiffs in *Kane* relied upon New York's Child Victims Act, N.Y. C.P.L.R. § 214-g, which revives the time to commence civil actions based upon certain sexual offenses that were committed against children less than eighteen years of age. *Id.* at 104. The court found:

> Based on the Supreme Court's reasoning in *Wilson* and *Owens*, every United States Court of Appeals to address this issue thus far has determined that a specialized statute for sexual abuse claims does not render an otherwise untimely Section 1983 or Title IX claim timely. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014) (holding that New Mexico's special statute for child sexual abuse did not toll plaintiff's Section 1983 and Title IX claims because it is not generally applicable); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012) (holding that Oregon's specialized abuse statute was not closely related to two-year residual statute of limitations, as required to borrow tolling provision from state law for plaintiff's Section 1983 claim); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759-61 (5th Cir. 2015) (holding that the general statute of limitations

> applied to plaintiff's Title IX and Section 1983 claims rather than Texas's specific limitations period for sexual assault claims); *Woods v. Ill. Dep't of Child. and Fam. Servs.*, 710 F.3d 762, 765-68 (7th Cir. 2013) (declining to apply Illinois' child sexual abuse statute to revive plaintiff's Section 1983 claim).

*Id.* at 108-09.

The plaintiffs in *Kane* nevertheless argued that New York's Child Victims Act revived their federal claims and tolled the general statute of limitations. *Id.* at 109. The *Kane* court rejected this argument and held that application of tort-specific revival or tolling provisions, such as New York's Child Victims Act, would require federal courts to engage in the type of analysis *Wilson* forbids. *Id.*; *see also Bonneau*, 666 F.3d at 580 ("Such a holding would succeed only in transferring the confusion over the choice among multiple statutes of limitations to a choice among multiple tolling provisions." (alterations adopted) (internal quotation marks and citation omitted)); *Varnell*, 756 F.3d at 1213 ("The same reasoning that governed the selection of the applicable statute of limitations should also apply to the selection of tolling statutes. Thus, the state tolling provisions adopted for actions under § 1983 should not depend on the particular facts or the precise legal theory of the claim." (internal quotation marks and citations omitted)). Because the plaintiffs' federal claims accrued more than three years before the filing of their lawsuits, those claims were barred under the general, three-year statute of limitations for personal injury actions. *Id.* at 111. The *Kane* court affirmed the dismissal of those claims. *Id.*

The same result is required in this case. As addressed above, Plaintiffs' claims arise from conduct that allegedly occurred during the 1985-86 school year. Am. Compl., at ¶¶ 13-40. Because Plaintiffs were minors at the time, they had until they reached twenty-one (21) years of age, three (3) years after reaching the age of majority, to file a claim. *See* Ark. Code Ann. § 16-56-116(a); *Harris*, 658 F. Supp. at 439. This general tolling statute for all personal injury claims applies, not the revival of claims under the Revival Act. *See DeVries v. Driesen*, 766 F.3d 922, 923-24

8

(applying Iowa's general personal-injury limitations period and refusing to apply tolling rule from a "separate statutory scheme"); *Bonneau*, 666 F.3d at 580; *Varnell*, 756 F.3d at 1213. Plaintiffs, therefore, had until 1993 to file § 1983 and Title IX claims. Those federal claims are now time barred and must be dismissed.

## IV. CONCLUSION.

For the reasons stated herein, and in the Motion to Dismiss filed concurrently herewith, Separate Defendants Dardanelle School District; Rolando Valls, in his official capacity; Diane Thomas, in her individual and official capacities; and Mark Gotcher, in his official capacity, respectfully request that all claims made against them in Plaintiffs' Amended Complaint be dismissed with prejudice.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
Email: pbrick@bbpalaw.com

By: /s/ Jay Bequette
Jay Bequette, Ark. Bar #87012
Cody Kees, Ark. Bar #2012118
Phillip M. Brick, Jr., Ark. Bar #2009116

*Attorneys for Separate Defendants*
*Dardanelle School District; Rolando Valls,*
*in his official capacity; Diane Thomas, in*
*her individual and official capacities; and*
*Mark Gotcher, in his official capacity*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2024, I filed the foregoing with the Clerk of the Court, which shall send notification of such filing to all registered counsel of record using the CM/ECF electronic filing system.

I hereby certify that on April 17, 2024, I served the foregoing on the following counsel, pro hac vice application pending, via e-mail:

Hayley Hanna Baker
1831 12th Ave. S. Ste 325
Nashville, TN 37203
hbaker@hb-advocates.com

I further hereby certify that on April 17, 2024, I served the foregoing on the following party via first-class, U.S. Mail:

Arthur J. Gallagher & Co. – Little Rock
c/o Prentice-Hall Corporation System
101 South Spring, Suite 220
Little Rock, AR 72201

_____
Phillip M. Brick, Jr.