Cite as 2025 Ark. App. 59
# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-328

| | |
|---|---|
| H.C., L.S., R.T., AND T.K.<br>APPELLANTS<br><br>V.<br><br>JAMES DARRELL NESMITH<br>APPELLEE | Opinion Delivered February 5, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-22-4435]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED |

**CASEY R. TUCKER, Judge**

The narrow issue in this case is whether legislative action can revive an expired statute of limitations. Bound by over a century of Arkansas Supreme Court precedent prohibiting such attempts, we conclude it cannot and affirm.

James Nesmith, the appellee, was a pediatrician and a church youth leader. The appellants, now adults, allege they were sexually abused by the appellee between 1995 and 2007, when they were between the ages of ten and eighteen. H.C., L.S., and R.T. claim they were abused in the appellee's medical office, while T.K., then a minor and fellow church member, alleges the appellee abused him at various locations. The appellants became adults in the years 2003 through 2012. Like the circuit court, this court never reaches the merits of these horrific allegations. Instead, we focus solely on the narrow legal issue on appeal.

**EXHIBIT A**

On July 13, 2022, the appellants filed their complaint against the appellee seeking compensatory and punitive damages for sexual assault, sexual battery, outrage, and other claims under the crime victim civil action statute. An amended complaint followed on November 28, 2022. The appellee filed timely responses denying the allegations and asserting, among other defenses, that the statute of limitations barred the appellants' claims.

This case centers on the Justice for Vulnerable Victims of Sex Abuse Act (the "Act"), which was enacted in 2021 as Act 1036. Before 2021, the statute of limitations for this type of claim was three years after the victim turned eighteen (Ark. Code Ann. § 16-56-116(a)). Applied here, appellants' claims would have been barred between 2006 and 2015. It is undisputed that the appellants' claims were time-barred before the Act's enactment.

The Act extended the statute of limitations for child sexual-abuse claims, allowing victims to file civil lawsuits until age fifty-five. The Act also included the following provision:

> Notwithstanding any other statute of limitation or any other law that may be construed to reduce the statutory period set forth in this section, a civil action similar to a civil action described in subdivision (b)(1) of this section, including a cause of action arising before, on, or after the effective date of this act, *that was barred or dismissed due to a statute of limitation is revived, and the civil action may be commenced not earlier than six (6) months after and not later than thirty (30) months after the effective date of this act.*

Act 1036 of 2021, § 1(b)(2) (emphasis added). This opinion will refer to the provision as the "Revival Window."[1]

---

[1] While not relevant to this appeal, the Act was amended in 2023 to eliminate the age limitation in subdivision (b)(1). The current version of the Act retains the Revival Window. *See* Ark. Code Ann. § 16-118-118(b)(2) (Supp. 2023).

The appellants filed their complaint within the Revival Window, which is undisputed. On January 17, 2023, the appellee moved for summary judgment, asserting that the original statute-of-limitations period had expired. The appellee argued he had a vested right to rely on the expiration of the original statute of limitations as an absolute defense and bar to these claims. Pursuant to Arkansas Rules of Civil Procedure 56 and 6(d), the appellants' response was due by February 10. The appellee's attorneys agreed to a fourteen-day extension, making the response due February 24. However, the appellants failed to request court approval, submit a proposed order, or notify the court of their agreement.

On February 17, one week after the original response deadline had passed but before the agreed-upon extension date, the circuit court granted the appellee's motion for summary judgment. The order states:

> On this day came on for consideration defendant's *Motion for Summary Judgment Filed Under Seal* on January 17, 2023. The court finds that the *Motion for Summary Filed Under Seal* should be and is hereby granted as all causes of action are barred by the applicable limitation of action. Therefore, this matter should be and is hereby dismissed with prejudice.

Within two hours of the circuit court's order, the appellants filed a "Motion to Set Aside Order of Dismissal and for Extension of Time to Respond to Motion for Summary Judgment" under Arkansas Rule of Civil Procedure 60. They provided no substantive arguments against the summary-judgment motion or a proposed response.

On February 22, the circuit court denied the motion to set aside but allowed the appellants to "file a responsive pleading to the Motion for Summary Judgment Filed Under Seal." The appellants filed their response on February 24, including the arguments now

3

raised on appeal. The appellee filed a reply in support of his motion for summary judgment. The circuit court issued no further orders, held no hearings, and took no additional action on the matter. The appellants filed a timely notice of appeal referencing the February 17 summary-judgment order and the February 22 denial of the motion to set aside. However, they do not raise any arguments on appeal regarding the denial of the motion to set aside.

I. *Whether the Appellants' Arguments Are Preserved on Appeal*

On appeal, the appellants argue that the Revival Window is valid under both a vested-rights and substantive-due-process analysis.[2] The appellee argued in his brief on appeal that neither of the appellants' arguments are preserved because the appellants failed to respond to the summary-judgment motion before the order was entered. During oral argument, however, appellee's counsel refined his argument: he contended that while the appellants' substantive-due-process argument was not preserved for appeal, he conceded that the appellants' vested-right's argument was preserved. We agree.

---

[2]Appellee argued in his summary-judgment motion that (1) the statute of limitations under the Arkansas Medical Malpractice Act ("AMMA") bars most of appellants' claims; (2) the Revival Window was invalid because he has a vested right in the expired statute of limitations; and (3) the delayed-discovery statute barred the appellants' claims. There is no dispute the appellants' claims were time-barred under the AMMA and the delayed-discovery statute. However, the circuit court's basis for barring the appellants' claims is irrelevant because it ultimately had to rule that the Revival Window was invalid. Thus, the sole issue before this court remains the validity of the Revival Window.

In *Gold v. Vines*, we addressed a party's failure to file a summary-judgment response. 2011 Ark. App. 301. This court held that a circuit court cannot grant summary judgment by default, stating:

> It is certainly [the appellant's] right not to respond to a motion for summary judgment, but we caution that he does so at his own risk. Assuming [the appellee's] initial summary-judgment motion was accompanied by sufficient proof to establish that there are no genuine issues of material fact to be litigated, and that proof goes unanswered or undisputed by [the appellant], the failure to respond will be fatal.

*Id.* at 3. Despite the appellant's failure in *Gold* to respond to the summary-judgment motion, the court proceeded to review the merits of the appeal considering the pleadings, contract, deposition, and affidavit that the appellee presented in his motion. *Id.* at 3–4. This is consistent with our case law that holds that the burden of sustaining a motion for summary judgment pursuant to Arkansas Rule of Civil Procedure 56 is always the responsibility of the moving party. *Reid v. Miller Ag Leveling, LLC*, 2025 Ark. App. 22, at 5, ___ S.W.3d ___, ___.

Because summary judgment was entered in favor of the appellee on an issue of law rather than the lack of a genuine issue of material fact, *Marcum v. Hodge* is also instructive. 2023 Ark. 103, 668 S.W.3d 500. In *Marcum*, Marcum was injured by Nicholas Hendricks in an accident on April 15, 2017. *Id.* at 2, 688 S.W.3d at 503. On March 16, 2020, Marcum filed a negligence lawsuit against Hendricks, later discovering that Hendricks had died in July 2017. On June 25, 2020, Marcum filed an amended complaint naming Hodge, the estate's special administrator, as the sole defendant. Although filed within the statute-of-nonclaim period (*see* Ark. Code Ann. § 28-50-101 (Repl. 2020)), the amended complaint

exceeded the three-year negligence statute of limitations. Hodge moved to dismiss, arguing it was untimely, while Marcum claimed the statute of nonclaim applied. The circuit court dismissed the case under the three-year statute of limitations without addressing the statute-of-nonclaim argument. *Id.* at 6, 688 S.W.3d at 505. The supreme court held that Marcum's arguments regarding the statute of nonclaim were preserved for review. *Id.* at 7, 668 S.W.3d at 505. Its reasoning was that, despite the circuit court not addressing Marcum's statute-of-nonclaim argument, that argument had been properly raised in response to the motion to dismiss. Thus, the argument was preserved for appellate review. The court further stated:

> Here, the circuit court was required to decide between competing limitation periods—the general three-year statute of limitations for tort claims and the limitation period set forth in the statute of nonclaim—to determine whether Marcum's amended complaint was timely. . . . [T]he present case does not involve a situation in which the circuit court was faced with multiple substantively distinct arguments and ultimately chose to dispose of the matter by relying on only one ground. Rather, here, we are not required to make assumptions about the circuit court's decision regarding the arguments presented by Marcum and Hodge, and the lack of a specific mention of the statute-of-nonclaim issue does not mean that the issue was not ruled on.

*Id.* at 6, 668 S.W.3d at 505.

Like *Marcum*, the circuit court in the case at bar had to choose between two conflicting limitations periods—the original statute of limitations or the Revival Window. In finding that the appellants' claims were barred, the circuit court necessarily determined that the Revival Window was invalid because the appellee had a vested right in the expired statute of limitations. Because the vested-right argument was raised below and ruled on by the circuit court, the appellants' challenge to the vested-rights argument is preserved.

6

However, the appellants' substantive-due-process argument is not preserved for appeal. It was not part of the appellee's summary-judgment motion, the circuit court's order does not address it, and it is undisputed that the argument was not raised until *after* the summary-judgment order had been entered. Therefore, the circuit court did not rule on the appellants' substantive-due-process argument. It is well settled that arguments, including constitutional ones, must be raised and ruled on in the circuit court to be preserved for appeal. *Carson v. Cnty. of Drew*, 354 Ark. 621, 629–30, 120 S.W.3d 423, 428–29 (2003).

II. *Whether the Revival Window Revives the Appellants' Causes of Action*

This case was resolved on summary judgment. When no genuine issues of material fact exist, this court reviews whether appellee was entitled to judgment as a matter of law. *United Servs. Auto. Ass'n v. Norton*, 2020 Ark. App. 100, at 4, 596 S.W.3d 522, 525.

For over a century, the supreme court has consistently held that a statute of limitation cannot be extended by legislation once it has expired. *See Rhodes v. Cannon*, 112 Ark. 6, 164 S.W. 752 (1914); *Wasson v. State ex rel. Jackson*, 187 Ark. 537, 60 S.W.2d 1020 (1933); *Johnson v. Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992); *Chunn v. D'Agostino*, 312 Ark. 141, 847 S.W.2d 699 (1993); *Hall v. Summit Contractors, Inc.*, 356 Ark. 609, 158 S.W.3d 185 (2004).

This precedent is unequivocal. In *Rhodes*, the supreme court held that "a valid defense against a demand invalid in law" constitutes a "vested right" that cannot be disturbed by the legislature. 112 Ark. at 6, 164 S.W. at 754. Likewise, in *Wasson*, the supreme court ruled that

7

an act reviving and validating claims previously barred by the statute of limitations was invalid because it "would impair a vested right[.]" 187 Ark. at 537, 60 S.W.2d at 1020–21.

Later, in *Johnson*, the supreme court clarified that a defendant does not have a vested right in a statute of limitations "until the bar of the statute has become effective." 308 Ark. at 203, 823 S.W.2d at 885. The legislature may extend a statute of limitations only for claims not already barred when the new statute takes effect. *Id.* Acknowledging that it might "seem unfair" to sympathetic and blameless plaintiffs, in *Chunn*, the supreme court held that a defendant "had a vested right to rely on the statute of limitations as a defense, and that could not be changed by subsequent legislation." 312 Ark. at 145, 847 S.W.2d at 701–02.

The most recent case relevant to this analysis is *Hall*, 356 Ark. 609, 158 S.W.3d 185. Hall's son, a Pulaski County resident, died on February 7, 1997, from injuries sustained at a Memphis, Tennessee, construction site. Hall filed a wrongful-death lawsuit on November 12, 1999, over two years later. At the time, Tennessee's statute of limitations for wrongful-death actions was one year, while Arkansas's was three years. Arkansas had adopted the Uniform Conflict of Laws Limitation Act, which applied another state's statute of limitation when a claim was "substantially based" on that state's laws. *Id.* at 613, 158 S.W.3d at 187. Thus, Hall's claim was time-barred when he filed his complaint because under the Uniform Conflict of Laws Limitation Act, Tennessee's statute of limitations applied, and the limitations period expired in February 1998.

The complication arose when the Arkansas General Assembly repealed the Uniform Conflict of Laws Limitation Act through Act 310 on February 25, 1999. *Id.* at 614, 158

8

S.W.3d at 188. Although Act 310 was enacted before the Arkansas statute of limitations expired, it came after Tennessee's statute had expired. Since Hall's wrongful-death claim was already time-barred under Tennessee law, the Arkansas legislature could not revive the claim by extending the limitation period. *Id.* at 613–14, 158 S.W.3d at 187–88. This is because once the statute of limitations expires, "the defendants in this case had 'a vested right to rely on that statute as a defense[.]'" *Id.* at 614, 158 S.W.3d at 188 (quoting *Johnson*, 308 Ark. 201, 823 S.W.2d 883).

The appellants argue the analysis should not end here and urge this court to conduct a "complete vested-rights analysis" that considers additional factors. The appellants believe that *Forrest City Machine Works, Inc. v. Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981), and *Arkansas Department of Human Service Division of Economic & Medical Services v. Walters*, 315 Ark. 204, 866 S.W.2d 823 (1993), allow for the revival of a barred claim.

These cases are inapplicable here. Crucially, neither *Aderhold* nor *Walters* concerns a legislative attempt to revive an already expired statute of limitations. *Aderhold* involved a legislative change to products-liability law enacted before the statute of limitations began to run, which meant "no vested rights were violated in this case." *Aderhold*, 273 Ark. at 40–41, 616 S.W.2d at 724. Furthermore, the supreme court held that "a vested right exists when the law declares that one has a claim against another, or it declares that one may resist the enforcement of a claim by another." *Id.*

*Walters* concerned a statute prohibiting the creation of trusts designed to purposely impoverish individuals so they could qualify for Medicaid benefits. The supreme court held

9

that the statute was remedial and could be applied retroactively to the trust in question. Remedial statutes may "operate retroactively *so long as* they do not disturb contractual or vested rights, or create new obligations." *Walters*, 315 Ark. at 210, 866 S.W.2d at 825 (emphasis added). Again, the Arkansas Supreme Court has consistently held that the bar created by a statute of limitations is a "vested right."

This court acknowledges that James Nesmith's conduct as alleged in the complaint is abhorrent. However, we are bound by over a century of supreme court precedent prohibiting legislative attempts to revive expired statutes of limitation, and we are "powerless" to overrule this precedent. *Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, at 8, 420 S.W.3d. 477, 483.

For the reasons detailed above, the circuit court's summary-judgment order is affirmed.

Affirmed.

WOOD, J., agrees.

BROWN, J., concurs.

**WAYMOND M. BROWN, Judge, concurring**. I agree that this case must be affirmed, but I disagree that any of the appellants' arguments were preserved for our review.

Arkansas Rule of Civil Procedure 56(c)(1) gives a party twenty-one days to respond to a motion for summary judgment, but "for good cause shown, the court may by order reduce or enlarge the . . . time periods." As the majority explains, the circuit court did not enlarge

the response time by order. In fact, no party asked the circuit court to do so. The rule does not give the parties the right to enlarge the response time without involving the circuit court.

Further, to preserve an issue for appeal, the appellant must "specifically raise the argument relied on to the circuit court, develop the argument there, and obtain a ruling on the argument."[1] Failing to obtain "a ruling on an argument precludes appellate review because there is no lower court order on the issue for this court to review on appeal."[2]

There are also cases holding that an argument—even a constitutional argument—is not preserved if the circuit court is silent regarding the argument.[3] This is because "the requirement of a ruling from a lower court is the elementary basis of this court's function, which is to review decisions of a trial court and not to make them in the first instance on appeal."[4]

I would draw a distinction between this case and the cases the majority relies upon.

First, both parties in *Marcum v. Hodge* filed a brief that contained arguments regarding the statute of limitations.[5] Here, the appellants did not file any brief at all presenting

---

[1] *Evans v. Carpenter*, 2022 Ark. App. 83, at 7, 642 S.W.3d 235, 240.

[2] *Id.*

[3] *See, e.g.*, TEMCO Constr., LLC v. Gann, 2013 Ark. 202, at 12–13, 427 S.W.3d 659-60.

[4] *Id.* at 13, 427 S.W.3d at 659–60.

[5] *Marcum v. Hodge*, 2023 Ark. 103, at 2, 668 S.W.3d 500, 503.

arguments regarding the statute of limitations when the circuit court entered its order. And the deadline to respond had passed.

More importantly, the appellee articulated alternate grounds in his motion for summary judgment: (1) the appellants' claims were time-barred under the Arkansas Medical Malpractice Act and the statute of limitations for actions accruing to minors; (2) the Act was unconstitutional as applied; and (3) the delayed-discovery statute should not apply.

The order does not address any of the appellee's specific arguments but instead holds that "all causes of action are barred by the applicable limitation of action. Therefore, this matter should be and is hereby dismissed with prejudice." In contrast to this very general language, the circuit court in *Gold v. Vines*[6] cited specific documents—the appellant's deposition and the affidavit of the appellee—that established the grounds for granting summary judgment.

There is no evidence in the record that the circuit court considered any arguments made by the appellants after they filed their response a week after the order had been entered. It is impossible for this court to know what arguments the appellants would have made to the circuit court, especially considering that the appellee articulated several alternative theories for summary judgment. Responding parties choose to concede certain legal arguments at the summary-judgment phase for various reasons. Neither this court nor the circuit court knows what arguments would have been made before the order was entered or

---

[6]2011 Ark. App. 301, at 2.

what arguments may have influenced the circuit court's reasoning. There is no indication that the circuit court considered the arguments in the appellants' brief at all.

For these reasons, I concur.

*Green & Gillispie*, by: *Joshua D. Gillispie*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellants.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Mariam T. Hopkins* and *Mark D. Wankum*; and *Hilburn Law Firm*, by: *Gary Rogers* and *Randy Grice*, for appellee.